This suit was originally filed by W. F. Griffin, as the sole owner of, and doing business under the trade-name of, Griffin Abstract Company. The original defendant was the Roxana Petroleum Corporation. Before the case was tried W. F. Griffin died intestate, and plaintiffs' second amended original petition was filed, naming as parties plaintiff the heirs of W. F. Griffin; there being no administration on his estate and no necessity therefor. The name of the defendant had, in the meantime, been changed to Shell Petroleum Corporation.
The following statement of the nature and result of the suit is taken from appellants' brief, which appellees admit is substantially correct:
"Plaintiffs alleged a verbal contract between the original plaintiff and defendant whereby defendant agreed to stand the expense of posting plaintiff's abstract books so as to bring them down to date, it being alleged that defendant had agreed and promised to pay any and all reasonable and proper expense for labor, service and materials used in connection with such work; that in consideration therefor plaintiff agreed to place said abstract books at defendant's disposal for use in making an ownership map of Montgomery County and in procuring such other data as might be desired by defendant. Plaintiffs further alleged that the original contract entered into was modified so that defendant was to be responsible only for the expense of posting the Deed Records, instead of all the records, as originally contemplated.
"Plaintiffs alleged that assistants were secured for performing the necessary labor in connection with this understanding; that the work was done and that the actual expense in cash paid out by the original plaintiff for this work was $712.50. Plaintiffs alleged the compliance on their part with the terms of the contract, in that the abstract books were placed at defendant's disposal for such use as defendant desired.
"Defendant's first amended answer contained a general demurrer, general denial and certain special exceptions. Plaintiff then filed a trial amendment alleging that the original agreement was made by the original plaintiff. W. F. Griffin, with one Clevinger, a representative and agent of defendant; that thereafter said agreement was modified, as shown in plaintiff's second amended original petition, by agreement of said W. F. Griffin with C. B. Stewart, an agent and representative of the defendant acting directly under the orders and direction of the Manager and Assistant Manager of defendant at its Houston office. Plaintiff further alleged that the agreement as modified was acted upon by defendant; that defendant accepted the benefits thereof and ratified and confirmed same.
"Defendant's first supplemental verified answer denied that it ever authorized C. B. Stewart to negotiate with W. F. Griffin the contract, or the modification thereof, set out in plaintiff's petition; that if said Stewart entered into or attempted to enter into such contract, or modification thereof, as alleged, that said acts were without the authority or consent or knowledge of defendant."
The case was tried before the court without a jury, and judgment was entered for plaintiffs in the sum of $712.50 with 6 per cent. interest thereon from September 1, 1927, and all costs of court. Motion for a new trial was overruled, and the case is before us on appeal. *Page 726 
At the request of appellants the court made and filed his findings of fact and conclusions of law. They are:
"This suit was instituted by W. F. Griffin during his life time against the Roxana Petroleum Corporation for recovery of seven hundred, twelve and 50/100 dollars for services rendered, based upon the contract alleged in plaintiffs' original petition. The original defendant answered, denying the contract and all liability to plaintiffs. During the pendency of the suit W. F. Griffin died and his widow and children, constituting all of his heirs, by second amended original petition, made themselves parties plaintiff, with leave of the court and prosecuted the case to judgment, alleging the contract between decedent W. F. Griffin and defendant Roxana Petroleum Corporation as alleged in the original petition of W. F. Griffin. The suit was brought originally in the name of Griffin Abstract Company, which was alleged to be merely an assumed name under which said W. F. Griffin was transacting an abstract business in the town of Conroe, Montgomery County, Texas. It appears from defendants' pleading that the Shell Petroleum Corporation, during the pendency of the suit, became the successor of the original defendant Roxana Petroleum Corporation, and as such it answered in said cause.
 "Findings of Fact.
"First: I find that the original plaintiff, W. F. Griffin, died in September, 1928, during the pendency of this suit, and that he was intestate. Leave having been granted to make parties plaintiff, his widow and children, constituting his sole heirs, became plaintiffs as shown in plaintiffs' second amended original petition, said plaintiffs, I find, being the sole owners of the Griffin Abstract Company; and I find in this connection that the estate of W. F. Griffin is not indebted to any one and that there is no need of administration and that there is no administration pending upon his estate.
"Second: I find that defendant Roxana Petroleum Corporation entered into a verbal contract with W. F. Griffin about June, 1927, substantially as alleged in plaintiffs' second amended petition. The original negotiations were between one Ford Clevinger, acting for said defendant, and the said W. F. Griffin, and I find that said Clevinger reported to said defendant's Assistant Manager at its Houston office, one F. G. Miller, that the agreement he had reached was that the defendant was to bear the expense of posting the unposted deed records of Montgomery County to the abstract books of said Griffin Abstract Company, thereby bringing down to date the abstract books as to said deed records and that in consideration therefor the Griffin Abstract Company would give the defendant company the use of the books in connection with its work in Montgomery County, for use to facilitate its work in procuring mineral leases and making ownership maps of the lands of said County. I find that the said Miller, for said defendant, approved the contract as reported to him and that the defendant thereafter acted in pursuance thereof. Said agreement as approved by said Miller, I find, was accepted by said W. F. Griffin and was thereafter acted upon by him. In this connection I further find that W. F. Griffin originally understood from his negotiations with Clevinger that the defendant Roxana Petroleum Corporation was to bear the expense of posting all of the unposted Montgomery County records to the abstract books, and not merely the expense of posting the deed records, but that said Griffin was thereafter notified by C. B. Stewart that the agreement, as reported by Clevinger and approved by Miller, was that said defendant would bear only the expense of posting the deed records, and that said Griffin thereupon accepted the agreement as reported by Clevinger and approved by Miller.
"Third: I find that shortly after Clevinger's report had been made to Miller and Miller had approved the same that the latter sent C. B. Stewart to Conroe, directing him to assist the Griffin Abstract Company in rushing the work of posting the deed records. And I find in this connection that said defendant desired that the work be done with as much haste as was reasonably practicable, and that the purpose of sending Stewart to Conroe was to facilitate quick performance of the work of posting the deed records to the abstract books.
"Fourth: I find that the Abstract Company put several persons to work on the deed records in the performance of its obligation under the contract, including P. C. Lewis, Floyd Miller, Lester McGuire, Mrs. Ethel Anderson and B. D. Griffin, and that all of said parties did the work and put in the time shown in the bill rendered by W. F. Griffin to the defendant Roxana Petroleum Corporation, which was introduced in evidence, and I also find that said parties were paid for the said services by the Abstract Company as shown in said bill and that the charges so shown by said bill are fair and reasonable for the services performed. I also find that C. B. Stewart assisted actively in doing the work, remaining in Conroe several weeks for that purpose, but no part of his compensation was paid by the Abstract Company. Said Stewart at that time was in the employ of the defendant Roxana Petroleum Corporation and said Company paid him for his services.
"Fifth: I find that the said C. B. Stewart, while the work was being done at Conroe in posting the deed records to the Abstract Books, availed himself of the services of the several persons who were working for the abstract company in doing the work, meaning the persons named in the bill rendered by said Griffin to the defendant Roxana Petroleum *Page 727 
Corporation, that no objection was made by Stewart to the work being done in part by the persons referred to; that on the contrary they were capable of doing, and did do in a reasonably skilful manner the work in hand, and Stewart so recognized and availed himself of their services in connection with his own work. During the time that Stewart was working in Conroe he returned to the office in Houston once a week, at week ends, and was in touch with the office of the defendant Corporation, and especially F. G. Miller, Assistant Manager of the Houston office. I find from the evidence that it was the custom of the defendant to require reports from time to time from its men as to their work under the supervision of the Houston office, and that such reports were generally made and that it was the custom of the officers to keep advised by its field men and other employees working for it as to their activities and as to the work actually being done for the company.
"Sixth: I find that about twelve volumes of deed records were posted to the abstract company books in pursuance of the agreement referred to and that the expense thereof actually incurred and paid by the abstract company was at least the amount of the bill rendered to the Roxana Petroleum Corporation to wit $712.50. In this connection I further find that the work was performed by the abstract company and its employees with reasonable skill and in a reasonable time. The evidence of C. B. Stewart showed that the work would have required one competent man's time for about a whole year, and the evidence of B. D. Griffin showed that an average deed record would require at least three weeks of one man's time. Both of these witnesses were experienced abstract men and testified based upon their actual experience after years of service as such.
"Seventh: I find that W. F. Griffin about the time of his agreement with Clevinger gave instructions to his employees to permit the use of the abstract books and maps by the employees of the defendant Roxana Petroleum Corporation. And I find in this connection that the employees of said company did in truth and in fact avail themselves of the use of the books, referring to them at will for such data and information as they cared for, and in this connection I name particularly that use was made by the Company's employees, including one Carvell, one Wegand and others.
"I find, therefore, based upon the testimony mentioned and other evidence, that the abstract company performed fully and tended to perform all of its obligations under said contract.
"Eighth: I find that C. B. Stewart was vested with authority by defendant company to do whatever was necessary looking to facilitating the work of plaintiff in putting its abstract books in the condition agreed to be done by W. F. Griffin, and that Stewart's action in availing himself of the work done, and being done, by employees of W. F. Griffin, P. C. Lewis and others, with knowledge that they were employees of Griffin and not of the Roxana Petroleum, Corporation, operated as the assent of said defendant to the method used by Griffin in performing the services under said contract.
"Ninth: I find that defendant has failed and refused to pay the bill rendered by plaintiff for services under said contract, or any part thereof.
 "Conclusions of Law.
"First: I conclude that there was a valid contract between W. F. Griffin and the defendant Roxana Petroleum Corporation, and that by the terms of said contract said corporation was to bear the expense incurred by said Griffin, or the Abstract Company, in posting the unposted deed records of Montgomery County to the Abstract Books, and in this connection I further conclude that Griffin was at liberty to furnish the labor for performing said work, the reasonable expense thereof to be charged to said defendant.
"Second: I conclude that C. B. Stewart was the agent of the defendant Roxana Petroleum Corporation for the purpose of going to Conroe and taking whatever steps were necessary looking to bringing about the speedy performance of the work to be done by the Griffin Abstract Company which was required to be done under said contract and that his acts in availing himself of the services of P. C. Lewis and other employees of Griffin who were actively engaged in doing the work to be done by the abstract company under said contract constituted acquiescence on the part of the defendant as to the manner or method pursued by Griffin, and operated as a waiver of any right that the defendant might have had under the contract to select the persons for the performance of the work of posting the unposted deed records to the abstract company books.
"Third: I, therefore, conclude that the defendant Roxana Petroleum Corporation is indebted to plaintiffs in the sum of seven hundred twelve and 50/100 ($712.50) dollars, and legal interest thereon, from September 1, 1927, and judgment has been so rendered.
"Fourth: I further conclude that the defendant Shell Petroleum Corporation as the successor of the Roxana Petroleum Corporation having answered as such and assumed to defend this suit, is likewise legally liable to plaintiffs and the judgment so rendered and entered runs against both of said defendants.
"The foregoing Findings of Fact and Conclusions of Law are on this, the 25th day of May, A.D. 1929, signed in my official capacity, and are hereby directed to be filed with the papers in this cause." *Page 728 
There is also in the record a statement of facts proven on the trial, which is agreed to by the parties and approved by the court, which supports the court's findings, and we adopt the court's findings as our findings.
Appellants' first proposition, which complains that the court's finding that a valid contract existed between W. F. Griffin and appellant, by which appellant agreed to pay the expense of bringing down to date the abstract books of appellees (posting the deed records of Montgomery county into the abstract company's books, bringing them, to that extent, down to date), was not supported by the evidence, and was against the great weight and preponderance of the evidence, is overruled. We have carefully considered all the evidence, and think the finding has ample support.
The second proposition insists that there was not sufficient evidence to show the authority of C. B. Stewart, agent and representative of appellants, to negotiate the modified contract set out in plaintiffs' (appellees') petition. This assignment is overruled. We find the proof shows that appellant, through its original agent for negotiations looking to securing Griffin's abstract books for its own use, agreed to bear the expense of bringing appellees' abstract books down to date for the use by it for certain purposes, and said agent reported to appellant that the agreement covered only the cost of posting the deed records to the abstract company's books, and subsequent to the original negotiations, plaintiffs (appellees) incurred the expense of so posting the deed records to the abstract books, and accepted the modification of the original agreement by limiting the expense incurred to the expense of so posting the deed records. Such performance by plaintiff converted the defendants' offer, which was involved in its modification of the original agreement, as reported by its agent, into a binding contract and obligation. What we have said disposes of appellants' third, fourth, fifth, and sixth propositions; hence it is not necessary to discuss same.
Appellants' eighth, ninth, tenth, eleventh, twelfth, and thirteenth propositions complain that the court erred in including pay for certain persons, employees of plaintiff, for certain periods, in their performing work in posting the deed records to the abstract books in bringing them down to date, insisting that the evidence does not support such charges. These assignments are overruled. The record amply supports the court's findings that these items were for labor performed under the contract and in carrying out the agreement with appellants.
Defendant accepted and received the full consideration it contracted for, and denies liability therefor, solely on the ground that the consideration which it had agreed to give was performed in a manner that resulted in its costing defendant considerably less than would have been the case had it been performed by the method that it claims the contract contemplated.
The judgment should be affirmed, and it is so ordered.
Affirmed.